UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND BRION COLES,

       Plaintiff,

vs.

SOMMERS, SCHWARTZ,
SILVER, SCHWARTZ, P.C., et al.,

       Defendants.
_____/

Civil Action No.
08-CV-12270

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the court on plaintiff's application to proceed in forma pauperis. For the following reasons, the court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed in forma pauperis makes the required showing of indigence. The court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the court is required by statute to dismiss an in forma pauperis complaint if it

    (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted if, while viewing the facts in the light most favorable to plaintiff, it is clear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In the present case, plaintiff is suing the law firm, and the member of the firm, that represented him in a matter litigated in this court, *Coles v. Flex-N-Gate Forming Technologies, L.L.C.*, 04-CV-73671, in which plaintiff alleged that his employer discriminated against him based on his race by, among other things, failing to promote him and discharging him. When, after two years of litigation, the parties in that matter reached a settlement agreement, the court entered a stipulated order on October 18, 2006, dismissing the matter "in its entirety with prejudice and without costs." One month later, plaintiff filed a lengthy *pro se* motion entitled "Motion under Federal Rule 60(b)(1),(2),(3),(4),(5),(6) To Vacate February 9, 2006 Order and Opinion on Counts I-IV Failure to Promote Fraudulent Misrepresentation Newly Discovered Evidence." The court denied that motion in January 2007 because the motion was grossly untimely (as it related to a summary judgment ruling rendered months earlier) and because the complaint had been dismissed with prejudice by stipulation. Plaintiff appealed and on May 1, 2008, the court of appeals affirmed. That court noted that the parties' settlement agreement "contained a release that clearly waived any and all claims that [plaintiff] may have had regarding his employment with FNG."

Having arrived at a dead end in the 04-73671 matter, plaintiff is now seeking the same relief by a different route, namely, by pursuing the law firm and lawyer who represented him. The gist of the 26-page, 97-paragraph complaint is that defendants racially discriminated[1] against plaintiff by failing to act in his best interests in the prior case. Specifically, plaintiff alleges that his attorney failed to submit certain evidence in support of his claims, failed to file various motions,

---

[1] Regarding the alleged racial discrimination, ¶ 87 of complaint alleges:

> 87. That Gerald Wahl's racial epithets, recommendation, and racial prejudice against client included the following:
>
> a. Flex-N-Gate has all the power and Coles is a black fly around an elephant's butt.
>
> b. Plaintiff was a novice for white people's amusement.
>
> c. If he (Gerald Wahl) were a Blackman he would go around and shoot every white man.
>
> d. Stated that an all white jury would take one look at Coles, and decide against him.
>
> e. Stated that an all white jury would be more sympathetic to a Kathy Lecik a white woman, then African American client.
>
> f. Kept reminding Coles of how credible the white men were in their statements.
>
> g. Insulted plaintiff's wages and home by stating the plaintiff was making welfare like wages and need for a new roof, and grass being cut.
>
> h. Wrote back to plaintiff on July 18, 2006 by stating plaintiff was angry, hostile, and making scurrilous accusations.
>
> i. That Gerald Wahl removed the issue of reinstatement from the entire surface of the discrimination case based on his support for Flex-N-Gate Forming Technologies white management.
>
> j. That August 3, 2006 memo cites because John Zedde has black family members it is a strike against client to a white jury.

3

failed to pursue a § 1981 claim, failed to recover the damages he deserved, and improperly threatened to withdraw from the case. Plaintiff, who indicates that the earlier matter was settled for $50,000, alleges that defendants violated the retainer agreement, denied him due process, and breached their duty to represent him in good faith. For defendants' alleged "attorney fraud, misrepresentation, withholding evidence of a material fact, [and] denying plaintiff's claim under Section 1981," he seeks $3,000,000 in damages.

While ¶ 1 of the complaint alleges that the court's jurisdiction is based on 42 U.S.C. § 1981, the court is unaware of any case authority recognizing a § 1981 cause of action in the context of a lawyer's alleged failure to represent a client to the client's satisfaction. Even if such a claim existed in theory, the claim is so at odds with the facts in this matter that the court must reject it as frivolous, as that term has been defined by the Supreme Court (i.e., clearly baseless and delusional). Just from a review of the docket sheet in the 04-73671 matter, it can be seen that plaintiff's attorney took the following action on plaintiff's behalf:

- Filed a six-count complaint and jury demand
- Filed a joint discovery plan
- Attended a scheduling conference with the court
- Filed a witness list containing 48 witnesses and categories of witnesses
- Filed a six-count amended complaint and jury demand
- Filed a supplemental witness list
- Filed a 55-page response to defendant's summary judgment motion, supported by 60 exhibits (including excerpts from eight depositions)
- Filed an amended 52-page response to defendant's summary

4

- judgment motion

- Orally argued defendant's summary judgment motion before the trial judge

- Filed a four-page motion, supported by a six-page brief, for reconsideration of the court's order granting in part defendant's motion for summary judgment

- Filed a 12-page supplemental brief, along with eight additional exhibits, in support of the motion for reconsideration

- Attended a status conference with the court

- Attended a settlement conference with the court and negotiated a settlement

In light of these facts, it is quite simply absurd for plaintiff to allege that his attorney, and the attorney's firm, who vigorously represented him in a race discrimination lawsuit, themselves racially discriminated against him and as a consequence neglected to pursue certain claims or to present certain evidence which, had they been pursued and presented, would have enabled plaintiff to obtain a more favorable result. It is impossible to imagine that a lawyer who invested the inordinate amount of time and effort apparent from the above bullet points would, at the same time, intentionally discriminate against his own client by failing, in the client's estimation, to be an even more zealous and aggressive advocate.

This is sour grapes, pure and simple. Plaintiff imagines his case against his former employer was worth more than the $50,000 he settled for, and he has concocted a bogus federal civil rights claim against the lawyers who represented him so competently for over two years in a misguided attempt to recoup the imagined loss. The court will not permit such a frivolous, malicious action to proceed. Accordingly,

5

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is granted. The complaint is filed and the filing fee need not be prepayed.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

s/Bernard A. Friedman_____
Dated: May 30, 2008                        BERNARD A. FRIEDMAN
   Detroit, Michigan                 CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman